PAUL PRUISS *vs.* CITY OF SPRINGFIELD. February 7, 1986. *Municipal Corporations,* Motor vehicles. *Words,* "Commercial vehicle."

The judge correctly ruled that G. L. c. 85, § 14B, as amended through St. 1974, c. 529, § 1, applies to vehicles owned and used by a city for governmental purposes. That section requires "commercial vehicles having a gross weight in excess of five thousand pounds other than a motor bus or taxicab, or any automobile service truck" to carry not fewer than three flares and to use them if the vehicle becomes disabled upon the traveled portion of a highway during a time when motor vehicles are required to display lights. The word "commercial" is not used in contradistinction to

---

"governmental" or "non-profit," a distinction that would have no relevance to the public safety purpose of the section. Rather, the term "commercial vehicle" is used in contrast to "passenger vehicle," as it is in G. L. c. 159B, § 2, as amended through St. 1975, c. 546, where "commercial motor vehicle" is defined as "any vehicle, machine, tractor, trailer or semi-trailer propelled or drawn by mechanical power and used upon ways in the transportation of property." (It is true that by G. L. c. 159B, § 13, State and municipal vehicles are exempted generally from the provisions of c. 159B, but the exception would not be necessary if those vehicles were not included within the concept of commercial vehicles. Chapter 159B, regulating common carriers of property, has one section [§ 18] which is a public safety section, and it is significant that § 13 does not exempt State or municipal vehicles from compliance with that section.) It is commonplace that safety legislation should receive a construction that best effectuates its safety purpose, *Whirlpool Corp.* v. *Marshall*, 445 U.S. 1, 13 (1980), and the incidental fact that violations of § 14B are punishable by fine does not require that § 14B be given a more restrictive construction. Compare *Simon* v. *Solomon*, 385 Mass. 91, 102-103 (1982). The "demands of public safety weigh heavily against [the defendant's] assertions that the statute should be restrictively construed." 3A Sands, Sutherland Statutory Construction § 71.04, at 326 (4th ed. 1974). Safety legislation in other States frequently makes special provisions for trucks or other commercial vehicles based on the fact that they are "ordinarily . . . larger and more obstructive of view than vehicles generally." *Corbett-Barbour Drilling Co.* v. *Hanna*, 203 Okla. 372, 375 (1950). As to emergency lighting particularly, see *Cronenberg* v. *United States*, 123 F. Supp. 693, 698-699 (E.D.N.C. 1954); *Taylor* v. *Purifoy*, 247 Ark. 368, 370-371 (1969); *Duncan* v. *Wiseman Baking Co.*, 357 S.W. 2d 694, 697-699 (Ky. 1962); *Dubus* v. *Dresser Indus.*, 649 P.2d 198, 201-203 (Wyo. 1982). The vehicle in this case, a 17,000-pound dump truck used by the city's parks department, is clearly within the class of vehicles that pose special dangers to oncoming traffic. Compare *Freshman* v. *Stallings*, 128 F. Supp. 179, 182 (E.D.N.C. 1955) (three-quarter ton pickup truck held analogous to a passenger car and thus not required to display flares when disabled).

*Judgment affirmed.*

*Alfredo A. Vivenzio,* Assistant City Solicitor, for the defendant.
*Cornelius J. Moriarty, II,* for the plaintiff.