BROOK HOUSE CONDOMINIUM TRUST *vs.*
AUTOMATIC SPRINKLER APPEALS BOARD.

Suffolk. September 14, 1992. - February 16, 1993.

Present: WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Condominiums*, Security devices. *Fire Prevention. Statute*, Construction.

A judge in the Superior Court correctly granted summary judgment in favor of a condominium trust, annulling an order of the Automatic Sprinkler Appeals Board requiring the trust to install sprinklers in the condominium buildings managed by the trust, where the buildings were constructed prior to January 1, 1975, and had been converted to condominiums before 1986 under the provisions of G. L. c. 183A, thus meeting the statutory conditions for exemption from the sprinkler requirements set forth in G. L. c. 148, § 26A ½. [306-307]

CIVIL ACTION commenced in the Superior Court Department on June 21, 1989.

A motion for summary judgment was heard by *Marilyn M. Sullivan*, J., sitting under statutory authority.

The Supreme Judicial Court granted requests for direct appellate review.

*Jon Laramore*, Assistant Attorney General, for the defendant.

*Franklin C. Huntington, IV (Andrew M. Pearlstein* with him) for the plaintiff.

*Michael E. Malamut*, for 407 Marlborough Street Condominium Trust, amicus curiae, submitted a brief.

O'CONNOR, J. The plaintiff, Brook House Condominium Trust (trust), appealed pursuant to G. L. c. 30A, § 14 (1990 ed.), to the Superior Court from a decision of the defendant, Automatic Sprinkler Appeals Board (board). The board had affirmed an order of the Brookline fire department requiring the trust to install automatic sprinklers throughout the com-

mon areas and individual units in condominium buildings managed by the trust. A judge of the Land Court, sitting in the Superior Court by assignment pursuant to G. L. c. 211B, § 9 (1990 ed.), ordered the entry of summary judgment for the trust annulling the board's decision and remanding the matter to the board for the entry of an order that the trust's "appeal from the Brookline Fire Department's decision is allowed." The board appealed from the judge's order. We granted the parties' requests for direct appellate review, and we now affirm the judgment entered in the Superior Court.

In 1973, the Legislature enacted G. L. c. 148, § 26A, inserted by St. 1973, c. 395, § 1, requiring the installation of automatic fire sprinklers in buildings more than seventy feet in height. By St. 1975, c. 676, §§ 1, 3, the Legislature revised § 26A to provide that sprinklers would be required only in buildings constructed or substantially altered after January 1, 1975. Then, in 1986, the Legislature inserted § 26A½. In relevant part, § 26A½, inserted by St. 1986, c. 633, § 2, provided that "[e]very building or structure of more than seventy feet in height above the mean grade and constructed *prior to* January first, nineteen hundred and seventy-five, shall be protected with an adequate system of automatic sprinklers in accordance with the . . . state building code; provided, however . . . that sprinklers shall not be required to be installed in buildings where construction has commenced prior to January first, nineteen hundred and seventy-five and which have been submitted to the provisions of chapter one hundred and eighty-three A . . ." (emphasis added). General Laws c. 183A (1990 ed.) sets forth provisions governing condominiums. A building that has been converted to a condominium has "submitted to the provisions of chapter one hundred and eighty-three A." G. L. c. 183A, § 2.

The material facts are undisputed. The property managed by the trust, with which this case is concerned, consists of a complex of four buildings in Brookline containing 776 condominium units. The buildings were constructed in the 1960's and are more than seventy feet in height. They were converted to condominiums, pursuant to G. L. c. 183A, on May

28, 1981. In June, 1988, the Brookline fire department notified the trust that it had to install fire sprinklers throughout the buildings. The trust appealed that order to the board and also sought a variance from the board. After a hearing, and relying at least in part on an earlier opinion of the Attorney General of the Commonwealth, see Rep. A. G., Pub. Doc. 12, at 69 (1988), the board affirmed the Brookline fire department's order and denied the trust's application for a variance.

The trust then filed a complaint in the Superior Court for review of the board's order, and the board counterclaimed to enforce its order. The trust also filed a petition in the Land Court which thereafter was dismissed as moot. No appeal was taken from the dismissal. As we indicated at the outset of this opinion, the trust filed a motion for summary judgment in the Superior Court case and the motion was allowed.

In her order granting summary judgment to the trust, the judge reasoned as follows: "I find and rule that [the trust] falls squarely within the statutory language since it was constructed prior to January 1, 1975 and before 1986 was submitted to the provisions of G. L. c. 183A. The [board] contends that the date of January 1, 1975 modifies both conditions which must be present for the exemption to be effective, but the plain language of the statute impels the opposite conclusion. If the General Court had intended that the apartment building both have been built and converted to a condominium by the 1975 deadline, the structure of the proviso logically would have placed the date at the beginning of the phrase or alternatively would have inserted the date after the reference to Chapter 183A."

In support of its contention that the proviso in G. L. c. 148, § 26A½, exempts only buildings that were submitted to the provisions of the condominium law before January 1, 1975, the board argues that its construction of the statute that it is charged to enforce is entitled to substantial deference by this court, that such a construction best effectuates the legislative objective of promoting public safety, and that to construe the statute otherwise would be to render part of

the statutory language superfluous, which is a result that the Legislature is not likely to have intended. We need not respond to each of these arguments separately. Resort to these familiar rules of statutory construction is inappropriate when the statutory language is clear, as we believe it is here. "Where the statutory language is clear, it must be given its plain and ordinary meaning." *Nationwide Mut. Ins. Co.* v. *Commissioner of Ins.*, 397 Mass. 416, 420 (1986). See also *Boston Neighborhood Taxi Ass'n* v. *Department of Pub. Utils.*, 410 Mass. 686, 690 (1991) ("We will not . . . consider the legislative history or agency interpretations of [a] statute where its meaning is unambiguous. . . . 'It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms.' *Massachusetts Community College Council MTA/NEA* [v. *Labor Relations Comm'n*, 402 Mass. 352, 354 (1988)] . . ." [Citations omitted.]).

Section 26½ exempts from its requirements any building that satisfies two conditions: that commencement of construction of the building occurred before January 1, 1975, and that the building "ha[s] been submitted to the provisions of chapter one hundred and eighty-three A." The placement of the January 1, 1975, deadline immediately following the first stated condition, and the omission of that deadline in the clause referencing the second condition, submission to the condominium statute, makes clear that the date applies to the first condition only.

The only suggestion of a time limitation in the exemption provision in § 26A½, bearing on condominiums, is the statute's use of the past tense in the clause, "and which have been submitted to the provisions of [c. 183A]." In order to decide this case, we need not resolve the question whether, as the trust contends, all condominiums, the construction of which began before January 1, 1975, are exempt, or instead the exemption applies only to those buildings that had been "submitted" before the effective date (or approval date) of St. 1986, c. 633, § 2, inserting § 26A½ into c. 148. Although

there may be ambiguity in that regard, the statute clearly does not limit the exemption to condominiums in existence before January 1, 1975. The exemption clearly applies to the trust's buildings, which were converted to condominiums in 1981.

The buildings in issue here meet the statutory conditions for exemption from the requirements of G. L. c. 148, § 26A½. Therefore, the grant of summary judgment to the trust was proper.

*Judgment affirmed.*