424 Mass. 661                                    661

1010 Memorial Drive Tenants Corporation *v.* Fire Chief of Cambridge.

1010 MEMORIAL DRIVE TENANTS CORPORATION *vs.* FIRE
CHIEF OF CAMBRIDGE & another[1]

Middlesex. November 7, 1996. - March 27, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, GREANEY, & FRIED, JJ.

*Automatic Sprinkler Appeals Board. Fire Prevention. Cooperative Housing.
Statute,* Construction.

This court concluded that cooperative units in an apartment building were
sufficiently similar to residential condominium units so that buildings
organized as cooperatives are exempt, as are condominium buildings,
from the requirement under G. L. c. 148, § 26A$^1$/$_2$, applicable to build-
ings over seventy feet tall and built before January 1, 1975, of retrofit-
ting with automatic fire sprinklers. [662-665] GREANEY, J., dissenting,
with whom O'CONNOR, J., joined.

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on February 22, 1994, and June 27, 1994.

After consolidation, the cases were heard by *George A.
O'Toole, Jr., J.,* on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Alan B. Rubenstein (Elizabeth A. Gibbons* with him) for the
plaintiff.

*Benjamin Robbins,* Assistant Attorney General, for the
Automatic Sprinkler Appeals Board.

*Birge Albright* for the Fire Chief of Cambridge.

ABRAMS, J. At issue is whether the owners of cooperative
units located at 1010 Memorial Drive, in Cambridge, are
required to comply with G. L. c. 148, § 26A$^1$/$_2$, by installing
automatic sprinklers in each room of their residential units.
The plaintiffs, owners of shares representing individual resi-
dential units, appeal from a determination by the Automatic
Sprinkler Appeals Board (board) that G. L. c. 148, § 26A$^1$/$_2$,
applies to their units and from a declaration by the Superior

---

[1]Automatic Sprinkler Appeals Board.

Court judge to the same effect. We transferred the case to this court on our own motion. We reverse and remand to the Superior Court for a declaration that cooperatives are within the condominium exemption.[2]

The facts are not in dispute. The owner shareholders of individual units are organized as a corporation entitled 1010 Memorial Drive Tenants Corporation. The corporation owns the building located at 1010 Memorial Drive in Cambridge (building) and the unit shareholders are the only members of the corporation. The unit owner shareholders of the corporation are the residents of the building, who lease their units from the corporation on a long-term basis, consistent with a cooperative style of ownership.

General Laws c. 148, § 26A$^1$/$_2$, requires that all buildings over seventy feet in height and constructed or substantially altered after January 1, 1975 (see St. 1975, c. 676, § 3), be equipped with automatic sprinklers. In 1986, a subsequent statute was passed that applied the automatic sprinkler requirement to buildings built before January 1, 1975. G. L. c. 148, § 26A$^1$/$_2$.[3] That statute included a provision exempting buildings organized as condominiums, but was silent as to cooperatives. Similarly, G. L. c. 148, § 26I, is designed to require automatic sprinkler systems in newly constructed or substantially rehabilitated condominiums, but is silent as to cooperative units.[4]

The unit owner shareholders maintain that cooperatives

---

[2]We address only the issue necessary to resolve the case and do not discuss the other issues raised by the plaintiff or the dissent.

[3]General Laws c. 148, § 26A$^1$/$_2$, reads: "Every building or structure of more than seventy feet in height . . . and constructed prior to January first, [1975], shall be protected with an adequate system of automatic sprinklers in accordance with the provisions of the state building code; provided, however, that sprinklers shall not be required to be installed in . . . buildings where construction has commenced prior to January first, [1975] and which have been submitted to the provisions of [c. 183A]." Chapter 183A of the General Laws is generally known as the condominium statute.

[4]If the statute is interpreted as the defendants suggest, then older, taller cooperatives would be required to have a sprinkler system in every unit but shorter, newly constructed cooperatives would not be required to install sprinkler systems. Older, taller condominiums, on the other hand, would be exempt under G. L. c. 148, § 26A$^1$/$_2$, but required to have sprinklers under G. L. c. 148, §§ 26A and 26I, if they are newly constructed, irrespective of height. That result as to condominiums is in keeping with the legislative

and condominiums are sufficiently similar that they should be considered the same for the purposes of the statute. We agree. The dwelling units (or share) in each are bought and sold. Each type of management requires authorization before making any major modification, the cooperative owner shareholders through the board of directors, and the condominium owners through the condominium association. Each unit is considered "owned" by the person named in the deed in the case of condominiums, or the person named as the owner of the share. Both cooperative owners and condominium owners have their percentage interest in the building organizing unit linked to the fair value of their unit in relation to the value of the building as a whole. Both pay their proportionate value of the building maintenance expenses. In every relevant sense, each type of ownership has similar benefits and obligations.

Where the Legislature enacts a comprehensive scheme of legislation, we have recognized that "there are likely to be casual overstatements and understatements, half-answers, and gaps in the statutory provisions. . . . [T]he courts are called on to interweave the statute with decisions answering the difficulties and composing . . . an harmonious structure faithful to the basic designs and purposes of the Legislature." *Cummings* v. *Secretary of Envtl. Affairs*, 402 Mass. 611, 628-629 n.12 (1988), quoting *Mailhot* v. *Travelers Ins. Co.*, 375 Mass. 342, 345 (1978). We conclude that the omission of cooperatives throughout the statutes is a gap in the statutory provisions.

The dissent suggests that it is inappropriate for us to consider the statutory interpretation because neither the judge nor the board did so. We do not agree. It is fundamental that issues of statutory interpretation should be resolved prior to reaching any constitutional issue. "We do not decide constitutional questions unless they must necessarily be reached." *Commonwealth* v. *Paasche*, 391 Mass. 18, 21 (1984). *Massachusetts Council of Constr. Employers, Inc.* v. *Mayor of Boston*, 384 Mass. 466, 470 (1981). In this case, the result follows a fundamental rule of statutory construction. We turn to the merits.

intent; the result as to cooperatives is not. "A statute . . . should not be construed in a way that produces absurd or unreasonable results when a sensible construction is readily available . . . ." *Manning* v. *Boston Redevelopment Auth.*, 400 Mass. 444, 453 (1987).

The primary reason offered as to why cooperatives are not included in the statute is that the Legislature made a distinction between individually owned units and individually rented units. According to the trial judge, "tenants in large residential buildings are subject to the will of landlords to maintain the safety of the property." The reasoning follows that because each shareholder in a cooperative must lease his or her unit from the landlord corporation, rather than owning the unit outright, the owner shareholders of the shares are in the same position as a traditional rental tenant. That concern is absent here where the unit owners or shareholders are their own landlord.

A second distinction offered is that the sprinkler systems in high rise buildings help to eliminate the need for firefighters to risk their lives in the Armageddon of fighting a fire in the little boxes that serve as homes to the residents. However, the risk of a fire in a residential high rise building and the dangers of fighting that fire are no different in a cooperative than they are in a condominium. That risk is unrelated to the legal ownership structure of the building. "[W]e . . . look to ensure that the agency's action has some express or implied basis in the governing statute." *Globe Newspaper Co.* v. *Beacon Hill Architectural Comm'n*, 421 Mass. 570, 584 (1996).[5]

The dissent suggests that the court acts inappropriately today by not construing this statute literally. We do not agree. We construe a statute to fulfil "the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Telesetsky* v. *Wight*, 395 Mass. 868, 872 (1985), quoting *Commonwealth* v. *Galvin*, 388 Mass. 326, 328 (1983). None of the sections governing fire prevention requires any individual owner of an older residential building to include sprinklers in each room. See G. L. c. 148, §§ 26A, 26A$^1$/$_2$, 26B, 26C, 26D, 26E. The Legislature has limited the impact of the statute to commercial and residential landlords who can pass the costs along to tenants.

---

[5]A third explanation regarding the exclusion of cooperatives from the statute is that the Legislature has chosen to act on an incremental basis. This explanation fails when examining the statute, which excepts all individual owners of condominiums, one and two-family homes.

As we read the statute, the Legislature has granted these exemptions[6] so as not to harm the buying and selling of personal residences as well as to ensure that homes are not lost because owners cannot afford to install the expensive equipment. Those reasons apply to cooperatives as well. An analysis of the statute convinces us that cooperatives are included within the language concerning condominiums.[7] The failure to mention cooperatives represents a gap in the legislation. See *Mailhot, supra* at 345.

In sum, the board made no findings of fact as to any fire-fighting reasons why cooperatives should be treated differently from condominiums.[8] The board did not consider the Legislature's intent not to apply this statute to individual owners. The judge erred in not considering a statutory basis for his decision before considering whether there was a constitutional issue.

We remand the cases to the Superior Court for entry of a declaration that cooperatives are within the condominium exemption.

*So ordered.*

GREANEY, J. (dissenting, with whom O'Connor, J., joins). The court's decision to reverse the judgment is based on an issue of statutory interpretation that was never raised by the plaintiff (and, hence, not responded to by the defendants) in the administrative proceeding or at trial, and that is not

---

[6]There are limited exceptions. Local governments are authorized to, at their option, require single or two-family homes to include smoke detectors. G. L. c. 148, § 26E. Also, smoke detectors are required to be installed on the sale of such homes. G. L. c. 148, § 26F.

[7]The dissent argues in a footnote, *post* at 667 n.1, that the legislative history of the bill, which added condominiums to the excepted buildings through an amendment during the legislative process, indicates that the Legislature intended to include cooperatives under the auspices of the statute. The fact that the Legislature amended the bill only confirms further that it was concerned with individual owners, and also would support a theory that the failure to mention cooperatives is a "gap" in the statute.

[8]The defendants claim, but there is no evidentiary support, that it is more difficult to enforce installation of sprinklers in condominiums than it is in cooperatives. The defendants need only interact with the board of directors in cooperative buildings or the condominium association in condominium buildings.

discussed by either party in the briefs submitted to us. It is unusual for us to allow an issue to be raised for the first time on appeal. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); *Milton* v. *Civil Serv. Comm'n,* 365 Mass. 368, 379 (1974). It is still more uncommon for us to decide a case on the basis of an issue not even addressed in the parties' briefs; on the infrequent occasions when we have done so, the result has been to affirm a judgment on alternative grounds, not to reverse that judgment. See *Commonwealth* v. *Elder,* 389 Mass. 743, 746 & n.6 (1983); *Beeler* v. *Downey,* 387 Mass. 609, 613-614 n.4 (1982); *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 87-88 (1977). Having considered the language and history of G. L. c. 148, § 26A$^1$/$_2$, I conclude that the court has incorrectly interpreted the statute. Additionally, I reject each of the issues actually raised by the plaintiff, and would, consequently, affirm the judgment. I therefore dissent.

The pertinent paragraph of G. L. c. 148, § 26A$^1$/$_2$, reads as follows:

> "Every building or structure of more than seventy feet in height above the mean grade and constructed prior to January first, nineteen hundred and seventy-five, shall be protected with an adequate system of automatic sprinklers in accordance with the provisions of the state building code; provided, however, that sprinklers shall not be required to be installed in patient rooms in hospitals, or in public or private libraries, or in houses of religious worship; provided, *further, that sprinklers shall not be required to be installed in buildings where construction has commenced prior to January first, nineteen hundred and seventy-five and which have been submitted to the provisions of chapter one hundred and eighty-three A*; and provided, further, that automatic sprinklers shall not be required in rooms or areas of a telephone central office equipment building when such rooms or areas are protected with an automatic fire alarm system" (emphasis added).

The statute establishes a general requirement, followed by provisos offering specific and limited exceptions, one of which exempts buildings owned under the provisions of the condominium statute, G. L. c. 183A. General Laws c. 148,

§ 26A$^1$/$_2$, makes no explicit exception for buildings owned by cooperative corporations, which are subject to the requirements of a separate enabling statute, G. L. c. 157B. We must construe an unambiguous statute as it is written. *Rambert* v. *Commonwealth*, 389 Mass. 771, 773 (1983). Provisos that create exceptions to the general coverage of a statute should be strictly construed, and where a statute provides a number of express exceptions, no other exceptions should be implied. *District Attorney for the Plymouth Dist.* v. *Selectmen of Middleborough*, 395 Mass. 629, 632-633 (1985). See *Woods* v. *Executive Office of Communities & Dev.*, 411 Mass. 599, 604-605 (1992); 2A C. Sands, Sutherland Statutory Construction §§ 47.08, 47.11 (5th ed. 1992). Such is the case here. The specificity of the reference to the condominium statute, and the lack of reference to the cooperative statute, indicate clearly that the Legislature intended to exempt only condominiums, and not cooperatives, from the requirements of G. L. c. 148, § 26A$^1$/$_2$. "The fact that each is governed by separate legislative enactments fortifies the conclusion that the word 'condominium' does not include within its meaning the term 'cooperative.' " *Bronstein* v. *Prudential Ins. Co.*, 390 Mass. 701, 704 (1984) (holding that provision in G. L. c. 121A, § 18D, regulating conversion of rental units in redevelopment projects to condominiums, does not apply to conversion of such units to cooperatives). Moreover, legislation on a matter of public safety should be construed so as to best effectuate its purpose. *Pruiss* v. *Springfield*, 21 Mass. App. Ct. 960, 961 (1986), citing *Whirlpool Corp.* v. *Marshall*, 445 U.S. 1, 13 (1980). Broadening the condominium exception to include cooperatives will mean that more high-rise buildings will lack sprinkler systems, contrary to the stated purpose of G. L. c. 148, § 26A$^1$/$_2$.[1]

The court offers a plausible rationale for treating both

[1] The statute, inserted by St. 1986, c. 633 (entitled "An Act requiring the installation of automatic sprinklers in buildings over seventy feet in height"), was enacted in the aftermath of a serious fire at the Prudential Building, which then lacked a sprinkler system. Rep. A.G., Pub. Doc. No. 12, at 67, 68 (1988). The initial version of the bill, 1986 House Doc. No. 862 (introduced a week after the Prudential fire, 1986 J. House 3, 2407), exempted only patient rooms in hospitals. The proviso exempting condominiums was added later by amendment (as were the exceptions for libraries and areas within telephone equipment buildings). See 1986 Senate Doc. No. 2202, § 2, at 5. The statute was later rewritten to include houses

cooperatives and condominiums differently from residential buildings owned by landlords. One may, just as plausibly, (1) cite various dissimilarities between cooperatives and condominiums, (2) argue that cooperative residents are more accurately described as tenants than as owners, and (3) therefore conclude that cooperative structures are more akin to apartment buildings than to condominiums.[2] However, opinions as to the most logical categorization of cooperatives are not relevant to interpreting the meaning of the disputed exception in G. L. c. 148, § 26A$^1$/$_2$.[3] Regardless of whether the Legislature *should* have treated condominiums and cooperatives alike, in fact it did not do so. By allowing cooperatives to benefit from the condominium exemption in G. L. c. 148, § 26A$^1$/$_2$, the court substitutes its policy judgment for that expressed in the statute, in a fashion that is "tantamount to adding to a statute a meaning not intended by the Legislature." *Mitchell* v. *Mitchell*, 312 Mass. 154, 161 (1942). We are not free to add language that the Legislature chose not to supply.[4]

Having concluded that the plaintiff's cooperative was not

of worship. St. 1989, c. 306. This history indicates that the bill has been amended in response to specific complaints about its general coverage, and suggests that the lack of an exception for cooperatives was neither unintentional nor inadvertent.

[2]As shareholders in the cooperative corporation, cooperative residents own an interest in the building as a whole, not in their individual units; the cooperative corporation is the landlord, and the residents are tenants occupying apartment units under proprietary leases with the corporation. See *Bronstein* v. *Prudential Ins. Co.*, 390 Mass. 701, 704 (1984); G. L. c. 157B, § 4 (definition of "proprietary lease"). Condominiums, on the other hand, involve exclusive ownership and possession of individual units, with unit owners having the right in common to use the common elements. See *Bronstein, supra*; G. L. c. 183A, §§ 1, 3, 4. See also 4B R. Powell, Real Property par. 633.1[3], at 773-774 (P. Rohan ed. 1992) (distinguishing condominiums and cooperatives); D. Clurman, F.S. Jackson, & E.L. Hebard, Condominiums and Cooperatives 185 (2d ed. 1984).

[3]The logic of the statutory distinction may be relevant to determining whether the classification meets the rational basis test for constitutionality. This issue is discussed below.

[4]Noting that the term "cooperatives" is absent from both §§ 26A$^1$/$_2$ and 26I of G. L. c. 148, the court argues that if cooperatives are subject to § 26A$^1$/$_2$ because of their absence from the listed exceptions, then they are not subject to § 26I because of their absence from the list of buildings to which that statute applies. The court concludes that this would be an absurd result. The court's conclusion overlooks the differences in the language by which the coverage of each statute is defined. The language of § 26A$^1$/$_2$ is exclusive, while that of § 26I is inclusive. In § 26A$^1$/$_2$,

entitled to the statutory exemption for condominiums, I would respond as follows to the three issues raised by the plaintiff at trial and on appeal:

(1) The plaintiff sought a declaration that G. L. c. 148, § 26A$^1$/$_2$, violates the equal protection and due process clauses of the United States Constitution and the Massachusetts Declaration of Rights by exempting condominiums, but not cooperatives, from the sprinkler installation requirement. Because the statute implicates neither a suspect class nor a fundamental right, its classification will be upheld if it is rationally related to the furtherance of a legitimate State interest. See *FCC* v. *Beach Communications, Inc.*, 508 U.S. 307, 313-314 (1993); *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 743 (1986), and cases cited. The plaintiffs bear the "burden of proving the absence of any conceivable grounds which would support the statute." *Zeller* v. *Cantu*, 395 Mass. 76, 84 (1985), quoting *Commonwealth* v. *Franklin Fruit Co.*, 388 Mass. 228, 235 (1983). In this case, the judge found that differences in the ownership status of condominium unit owners and cooperative shareholder tenants provide a sufficient rational basis for the statutory distinction. I suggest that a matter of practicality offers an additional basis for the classification. The Legislature may have thought that it would be more difficult to implement the installation of sprinklers in condominiums than in cooperative units. In a condominium building, the managing entity has control of the common areas, but may lack authority to undertake improvements within the individually owned units; by contrast, a cooperative

cooperatives are absent from a list of exceptions to a general rule, and as we have discussed above, such exceptions are narrowly construed to restrict their scope. In § 26I, cooperatives are absent from a list of specified residential buildings that begins with the phrase "including, but not limited to." As cooperatives are akin in type to the examples specified in the list, they may be included within the coverage of § 26I even though not specifically mentioned. See *Mahoney* v. *Baldwin*, 27 Mass. App. Ct. 778, 779-780 (1989), and cases cited. Hence, while neither statute mentions cooperatives, both statutes include cooperatives among the structures required to have sprinklers. Overall, the various sprinkler statutes treat condominiums and cooperatives alike, *except* that the Legislature has chosen to grant an exemption to older, high-rise condominium buildings.

In any event, § 26I is a local-option statute that only affects structures in those municipalities that have accepted the law, so that its coverage is of limited relevance to interpreting § 26A$^1$/$_2$, which instead applies throughout the State.

corporation, as owner of the entire building, has authority over the interiors of the leased units. Compare G. L. c. 183A, §§ 4, 10, with G. L. c. 157B, §§ 4, 5. Either of these explanations is more than sufficient to survive the plaintiffs' constitutional challenge.

(2) The plaintiffs had sought a variance, to allow a system of partial installation of sprinklers. They argued at trial that the board's denial of this variance was an abuse of discretion and should be reversed, in accordance with G. L. c. 30A, § 14. The judge concluded that the board had acted within the authority delegated to it by G. L. c. 6, § 201, and that the plaintiffs had failed to prove that the board's decision was arbitrary and capricious.[5] I agree with the judge's conclusion.

(3) Anticipating that it might not succeed on its other arguments, the plaintiff sought a declaration that converting the cooperative building to condominium ownership would exempt it from the sprinkler installation requirements of § 26A$^1$/$_2$. The plaintiff argued that, under the language of the statute, a building constructed before 1975 that is subsequently converted to a condominium may gain the benefit of the condominium exemption, regardless of when the conversion occurs. The judge concluded that the exemption applied only to those pre-1975 buildings that were already condominiums before the statute became effective.[6] This conclusion is correct. The interpretation sought by the plaintiffs would allow owners of pre-1975 buildings to evade the sprinkler requirement by converting their structures to condominiums, thus thwarting the public safety purpose of the statute.

I conclude that the judge properly rejected all the plaintiff's arguments. I would affirm the judgment of the Superior Court.

---

[5]The board found that the plaintiff's plan would not provide life safety equivalent to that of a full sprinkler system, and would put residents and fire fighters at greater risk. The building's prior history supports this assessment. On January 21, 1974, a fire in the building was confined to the unit where the fire had begun, but the occupant was killed.

[6]We have held that buildings constructed before 1975 and converted to condominiums in 1981, before the effective date of G. L. c. 148, § 26A$^1$/$_2$, see note 1, *supra,* were entitled to the condominium exemption. *Brook House Condominium Trust* v. *Automatic Sprinkler Appeals Bd.,* 414 Mass. 303, 306-307 (1993). In that case, we expressly declined to rule as to whether the exemption would be available to buildings converted after the date of the statute. *Id.*