AT&T vs. Automatic Sprinkler Appeals Board
& another.[1]

No. 00-P-1352.

Suffolk. February 8, 2001. - June 26, 2001.

Present: Greenberg, Beck, & Rapoza, JJ.

*Automatic Sprinkler Appeals Board. State Building Code. Statute,* Construction. *Administrative Law,* Agency's interpretation of statute.

A statutory interpretation by the Automatic Sprinkler Appeals Board, determining that the exemption for "rooms or areas of a telephone central office equipment building" in G. L. c. 148, § 26A ½, as amended by St. 1989, c. 306, requiring that every building or structure more than seventy-feet high built before January 1, 1975, have an "adequate system of automatic sprinklers in accordance with the provisions of the state building code," was limited to rooms and areas containing telephone equipment, if those rooms or areas have fire alarms, was reasonable, based on the legislative history and rules of statutory construction governing exceptions, and consistent with the State Building Code. [14-15]

A regulation of the State Building Code, although not raised in proceedings below, was available for consideration by this court on appeal, where the regulation was subject to judicial notice. [15]

Civil action commenced in the Superior Court Department on February 24, 1999.

The case was heard by *Julian T. Houston,* J.

*Maura D. McLaughlin* for the plaintiff.

*Susan Paulson,* Assistant Attorney General, for Automatic Sprinkler Appeals Board.

*Aaron K. Bikofsky,* for fire department of Framingham, was present but did not argue.

Beck, J. Section 26A ½ of G. L. c. 148, as amended by St. 1989, c. 306, requires that every building or structure more than seventy feet high built before January 1, 1975, have an

[1] Fire department of Framingham.

"adequate system of automatic sprinklers in accordance with the provisions of the state building code." That general provision has several exemptions. It is the interpretation of the exemption for "rooms or areas of a telephone central office equipment building," that is at issue here.

*Procedural history.* In July, 1998, the Framingham fire department (fire department) ordered the plaintiff, AT&T, to install automatic sprinkler equipment in the areas and rooms of its building at 825 Waverly Street that do not house telephone equipment. AT&T appealed this decision to the Automatic Sprinkler Appeals Board (board) claiming that it fell within the exemption referred to above. The board affirmed the order of the fire department. AT&T then appealed to the Superior Court pursuant to the State Administrative Procedure Act, G. L. c. 30A, § 14. A judge of the Superior Court upheld the board's decision. We affirm.

*Applicable law.* General Laws c. 148, § 26A ½, provides in pertinent part:

> "Every building or structure of more than seventy feet in height . . . and constructed prior to January [1, 1975], shall be protected with an adequate system of automatic sprinklers in accordance with the provisions of the state building code; provided, however, that sprinklers shall not be required to be installed in patient rooms in hospitals, or in public or private libraries, or in houses of religious worship . . . [or buildings submitted to the condominium law, G. L. c. 183A]; and provided, further, that automatic sprinklers shall not be required in *rooms or areas of a telephone central office equipment building when such rooms or areas are protected with an automatic fire alarm system*". (emphasis supplied).

The fire safety commission has promulgated regulations under § 26A ½ in language virtually identical to the statute. See 530 Code Mass. Regs. § 2.01(3) (1993).

AT&T argues here, as it did before the board and the Superior Court, that § 26A ½ clearly exempts the entire building at 825 Waverly Street from the sprinkler requirements because all the rooms and areas in that building are protected by an automatic fire alarm system. AT&T's reading of the exemption as applied

to it would be: "automatic sprinklers [are] not required in [any] rooms or areas of [the] telephone central office equipment building [at 825 Waverly Street because all the] rooms [and] areas are protected with an automatic fire alarm system."

The board, on the other hand, asserts that the exemption is clearly limited to rooms and areas containing telephone equipment, if those rooms or areas have fire alarms. It argues that the telephone exemption should be read in context, and points out that two of the exemptions refer to "rooms" — "patient rooms in hospitals" and "rooms . . . of a telephone central office equipment building" — and three refer to entire buildings — "public or private libraries, . . . houses of religious worship," and buildings subject to the condominium law. According to the board, if the Legislature had intended that the entire building could be subject to the exemption, it would have used the word "building," rather than the words "rooms" or "areas."

In a postargument letter pursuant to Mass.R.A.P. 16(1), as amended, 386 Mass. 1247 (1982), the board directs our attention to the State Building Code chapter on fire protection systems, 780 Code Mass. Regs. The applicable regulation concerning "fire suppression systems," 780 Code Mass. Regs. § 904.1 (1997), provides an exception for telecommunications equipment buildings. The specifics of that exception are as follows:

> "In telecommunications equipment buildings, an automatic fire suppression system shall not be required in those spaces or areas occupied exclusively for telecommunications equipment, associated electrical power distribution equipment, batteries and standby engines, provided that those spaces or areas are equipped throughout with an automatic fire detection system in accordance with 780 CMR 918.0 and are separated from the remainder of the building with fire separation assemblies [meeting certain standards]" (emphasis omitted).

Earlier versions of the building code contained similar language but were limited to "telephone central office equipment buildings." See 780 Code Mass. Regs. § 1202.19.1 (1980); 780 Code Mass. Regs. § 1002.22.1 (1990).

*Legal analysis*: "Where . . . statutory language is clear, it must be given its plain and ordinary meaning." *Nationwide Mut. Ins. Co.* v. *Commissioner of Ins.*, 397 Mass. 416, 420 (1986). We do not "consider . . . legislative history or agency interpretations" when the meaning of a statute is clear. *Brook House Condominium Trust* v. *Automatic Sprinkler Appeals Bd.*, 414 Mass. 303, 306 (1993). On the other hand, "[w]hen a statute is 'capable of being understood by reasonably well-informed persons in two or more different senses,' it is ambiguous." *Cohen* v. *Liberty Mut. Ins. Co.*, 41 Mass. App. Ct. 748, 753 (1996), quoting from 2A Singer, Sutherland Statutory Construction § 45.02, at 6 (5th ed. 1992). (See 6th ed. 2000, at 11-12.) The parties argue that the language of § 26A ½ is clear, albeit they disagree about its meaning. We conclude that § 26A ½ is ambiguous and we therefore proceed to consider the statute's legislative history and to examine the agency's reasoning.

In holding for the board, the Superior Court judge noted that § 26A ½ was enacted "in the aftermath of a serious fire at the Prudential Building, which then lacked a sprinkler system," citing *1010 Memorial Drive Tenants Corp.* v. *Fire Chief of Cambridge*, 424 Mass. 661, 667 n.1 (1997) (Greaney, J., dissenting). The legislation was entitled "An Act Requiring the Installation of Automatic Sprinklers in Buildings Over Seventy Feet in Height." See St. 1986, c. 633. Thus, the purpose of the statute appears to be fire prevention and protection. "[L]egislation on a matter of public safety should be construed so as to best effectuate its purpose." *1010 Memorial Drive Tenants Corp.* v. *Fire Chief of Cambridge*, *supra* at 667, and cases cited (Greaney, J., dissenting). Sprinklers control the spread of fire. Alarms serve to warn of a fire but do nothing to control its spread. Presumably the exemption reflects the intent not to subject sensitive telephone equipment to water damage, where the telephone system itself may be important to public safety. Such an interpretation is not only consistent with the clear overarching intent that tall buildings should have sprinkler systems, but is consistent with the rule of statutory construction that exemptions be construed narrowly. See *ibid.*, citing *District Attorney for the Plymouth Dist.* v. *Selectmen of Middleborough*, 395 Mass. 629, 632-633 (1985). Compare *1010 Memorial Drive*

*Tenants Corp.* v. *Fire Chief of Cambridge, supra* at 663, quoting from *Cummings* v. *Secretary of Envtl. Affairs*, 402 Mass. 611, 628-629 n.12 (1988) (viewing omission of cooperatives from exemptions under G. L. c. 148, § 26A ½, as a "gap[] in the statutory provisions," and construing exemption for condominiums to include cooperatives).

Although "[t]he duty of statutory interpretation is for the courts . . . [w]here the [agency's] statutory interpretation is reasonable . . . the court should not supplant [that interpretation with its own] judgment." *Dowling* v. *Registrar of Motor Vehicles*, 425 Mass. 523, 525 (1997), quoting from *Massachusetts Med. Soc.* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988). We conclude that the board's interpretation is reasonable, based on the legislative history and rules of statutory construction governing exceptions. The building code provision lends support to our decision.

The opening clause of § 26A ½ requires that buildings be protected with automatic sprinklers "in accordance with the provisions of the state building code." The board's interpretation is consistent with the building code. That code, as set out in 780 Code Mass. Regs., limits the telecommunications exemption to rooms and areas used for equipment.

AT&T objects to our consideration of this regulation because it was not raised at any of the earlier stages of this litigation. However, the regulation was available for our consideration with or without the rule 16(l) letter, because the regulation is subject to judicial notice. See G. L. c. 30A, § 6. Therefore, we could have affirmed the board's decision on the basis of that regulation in any case. Cf. *Foley* v. *Lowell Sun Publishing Co.*, 404 Mass. 9, 11 (1989), quoting from *Commonwealth* v. *Elder*, 389 Mass. 743, 746 (1983) (appellate court may consider issue not addressed by the parties and "may decide cases on issues or theories not raised").

*Judgment affirmed.*