Per Curiam.
Plaintiffs Tina and Glenn Williams contracted with Lawrence D. Perrault, doing business as Granite State Refacing, LLC (“Perrault”), for renovations to their Tewksbury home. Unsatisfied with the work, the plaintiffs commenced this action in June, 2008, alleging a number of claims, including breach of contract and violations of G.L.c. 142A and G.L.c. 93A.[4] Perrault counterclaimed for breach of contract and abuse of process. The case was tried to a jury, which returned a verdict for the plaintiffs on both their complaint and the counterclaims, but awarded no damages. Thereafter, the trial judge, who had reserved the G.Lc. 93A claim, found in favor of the plaintiffs based on Perrault’s violation of G.L.c. 142A, and awarded the plaintiffs nominal damages, plus attorney’s fees and costs. Following the entry of judgment, Perrault filed this Dist/Mun. Cts. R. A. D. A. 8C appeal of the trial judge’s G.L.c. 93A award.
*181 1. As a preliminary matter, we note that the trial judge did not make separate findings of fact and rulings of law on the reserved G.L.c. 93A claim, but instead endorsed the plaintiffs’ requests for findings and rulings as follows: “In so far as they constitute same, I adopt the findings and rulings set forth herein as my own.” The trial judge’s adoption of the plaintiffs’ requests by endorsement ran afoul of Mass. R. Civ. R, Rule 52(c), which requires a District Court judge who sits without a jury, where any party has submitted before the beginning of closing arguments proposed findings and rulings,[5] to “find the facts specially and state separately [his] conclusions of law thereon.” See B. Thomas Heinzer Assocs., Inc. v. Xarras, 2010 Mass. App. Div. 218, 219. Further, the trial judge’s apparently wholesale adoption of the plaintiffs’ proposed findings and rulings is a practice that has long been discouraged. See, e.g., Care & Protection of Olga, 57 Mass. App. Ct. 821, 823 (2003) (practice “diminishes the integrity of the trial process and the respect with which the final result is viewed”); Mankino, U.S.A. v. Metlife Capital Credit Corp., 25 Mass. App. Ct. 302, 314 (1988) (practice creates “gnawing doubt” about how much the judge “injected his own intelligence into the process”).
But even when a trial judge adopts findings in their entirety from prevailing counsel, those findings are not to be automatically rejected. First Pa. Mtge. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 622 n.12 (1985); Care & Protection of Olga, supra at 824-825. We continue to review such findings under the clearly erroneous standard, but they are “subjected to stricter scrutiny.” Adoption of Hank, 52 Mass. App. Ct. 689, 693 (2001), quoting Cormier v. Carty, 381 Mass. 234, 237 (1980).
2. Given the trial judge’s noncompliance with Rule 52(c), and the resulting “stricter scrutiny,” we draw our factual summary from the uncontested facts of record. The plaintiffs met with Perrault, a home improvement contractor with his place of business in New Hampshire, at their Tewksbury, Massachusetts home in April and May, 2007 to discuss the renovation of their kitchen. The parties entered into a contract on June 14,2007 that called for the installation of new cabinets, granite counter top, sink, and appliances. The total price of the contract was $14,500.00, with a $4,800.00 deposit and the balance to be paid upon completion. The date of installation was July 9, 2007.
Work progressed slowly. The kitchen cabinets were delivered at the end of July, 2007 and in the wrong color. Perrault also requested at that time, and received, a second payment of $4,800.00. During August, the parties discussed how to proceed. In early September, the plaintiffs sent a “master plan” to Perrault by e-mail. The plan not only listed in greater detail the materials to be furnished and labor performed by Perrault, but also requested the installation of a hardwood floor and recessed lighting under the cabinets. Upon receipt of that plan, Perrault ordered replacement cabinets. He assented to the plan by e-mail on October 1, 2007.
In early October, 2007, plaintiff Tina Williams’ brother, Thomas Craven (“Craven”), a New York attorney, sent a letter to Perrault to inform him that the project was terminated, and that he was no longer permitted to work on the property. But the replacement cabinets then arrived, and despite Attorney Craven’s letter, the plaintiffs permitted Perrault to commence work. From the middle to the end of *182 October, Perrault installed the replacement cabinets, counter top, sink, floor, appliances, and recessed lighting. He left the project with only a punch list of items to complete. At no time did the parties discuss, or obtain, any building, electrical, or plumbing permits.
Dissatisfied with the work, the plaintiffs had Attorney Craven issue another letter, dated December 11, 2007, to Perrault that expressed the plaintiffs’ displeasure with his lack of “professionalism” and “workmanship,” demanded return of the $9,600.00 the plaintiffs had already paid, and threatened suit for damages. At Perraulfs request, George Kenney (“Kenney”), a kitchen and bath contractor, visited the site in December, 2007 and estimated that it would cost $3,000.00 to repair the kitchen. The plaintiffs then contacted Jennifer Lemoyne (“Lemoyne”), a kitchen designer, who visited the site in March, 2008 and estimated $12,681.00 as the cost of repair. The plaintiffs brought this suit in June, 2008. Thereafter, in February, 2009, the plaintiffs hired S.P. Jackson Building & Remodeling L.L.C. (“S.P. Jackson”) to demolish and renovate the kitchen for the price of $14,480.00.
At trial, Steven Jackson (“Jackson”), a licensed construction supervisor and owner of S.P. Jackson, testified that only a licensed construction supervisor or the homeowner may apply for and obtain a building permit in Massachusetts; that Perrault’s work was “poorly done” and “incorrectly done”; and that before Jackson commenced work on the plaintiffs’ kitchen in March, 2009, he obtained a building permit from the town of Tewksbury for the removal and reinstallation of hardwood flooring and kitchen cabinets “[bjecause it’s required.” Jackson further testified that he subcontracted with a licensed electrician and plumber, who obtained respective permits from the town. Ron O’Connor (“O’Connor”), the master electrician with whom S.P. Jackson subcontracted to perform rough and finish wiring, testified that an electrical permit is required for the performance of any electrical work, that he obtained such a permit for the plaintiffs’ project, and that the wiring beneath the cabinets was “not proper,” a “fire hazard,” and did not meet code requirements. Finally, David Silva (“Silva”), a master plumber, testified as an expert that a plumbing permit was required to disconnect the sink, and that the dishwasher drain was improperly installed and did not satisfy code requirements.
Perrault testified that he did not possess a construction supervisor’s license in 2007, and that he did not obtain a building, electrical, or plumbing permit before commencing work in the plaintiffs’ kitchen. Although he testified that he had visited the town building department sometime before signing the contract and had been told that a building permit was not required to remove and install replacement kitchen cabinets, Perrault was unable on cross-examination to provide the name, or gender, of such person.
On these facts, the trial judge ruled that Perrault had violated G.L.c. 142A, and, thus, G.L.c. 93A, by failing to obtain a building permit and performing electrical and plumbing work without a license, and that the plaintiffs were injured, respectively, in having to hire another contractor to demolish and renovate the kitchen, and in receiving plumbing and electrical work that did not satisfy code requirements. Specifically, the trial judge adopted the following:
I find that the Plaintiffs were harmed by the fact that Defendants failed to apply for and obtain a building permit, thus the building inspector did *183 not know of or have an opportunity to inspect the work as performed to insure it complied with the law and was safe and a second contractor needed to be hired to redo the kitchen and was required to obtain a building permit. I also find that Defendant Perrault performed [sic] for which he was not properly licensed and that the harm caused was plumbing and electrical fixtures were not installed according to the applicable codes, as set forth by the Plaintiffs [sic] experts; that the Defendants caused this harm; and that the harm caused was foreseeable at [sic] time the original contract was made.
The judge awarded the plaintiffs $25.00 as nominal damages, plus $20,704.67 in attorney's fees and costs, ruling that ‘‘[c]ounsel fees and costs per [plaintiffs’ counsel’s] affidavit are deemed reasonable and ordered paid.”
3. Perrault argues that the trial judge erred in awarding the plaintiffs G.L.c. 93A damages, attorney’s fees, and costs because they failed to prove injury or loss caused by a G.L.c. 93A violation.
To recover under G.L.c. 93A, §9, a plaintiff must establish that (1) the defendant committed an unfair or deceptive act or practice; (2) injury or loss; and (3) a causal connection between the injury suffered and the defendant’s unfair or deceptive act or practice. Herman v. Admit One Ticket Agency LLC, 454 Mass. 611, 615-616 (2009), citing Hershenow v. Enterprise Rent-A-Car Co. of Boston, Inc., 445 Mass. 790, 797 (2006). If the court finds for the plaintiff, “recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater.” G.L.c. 93A, §9(3). Therefore, a plaintiff who has established some causation of injury is guaranteed recovery of at least nominal damages of $25.00. Lord v. Commercial Union Ins. Co., 60 Mass. App. Ct. 309, 322 (2004). Further, a prevailing plaintiff “shall” be awarded reasonable attorney’s fees and costs. G.L.c. 93A, §9(4).
General Laws c. 142A “facilitate [s] a homeowner’s G.L.c. 93A remedies,” Simas v. House of Cabinets, Inc., 53 Mass. App. Ct. 131, 137 (2001), by explicitly stating in G.L.c. 142A, §17(17) that “[v]iolations of any of the provisions of this chapter shall constitute an unfair and deceptive act under the provisions of chapter ninety-three A” In this case, the trial judge found that Perrault violated this section by failing to obtain a building permit and by performing plumbing and electrical work without a license. As to the former, in light of testimony that Perrault failed to obtain a required building permit before removing and replacing the plaintiffs’ kitchen cabinets and that the plaintiffs subsequently incurred expenses in hiring S.P. Jackson to correct Perrault’s work, the trial judge’s findings that Perrault violated G.L.c. 142A and that the plaintiffs suffered injury were not clearly erroneous. G.L.c. 142A §17 (10) (prohibiting “violation of the building laws of the commonwealth or of any political subdivision thereof’); Hershenow, supra at 800, quoting Leardi v. Brown, 394 Mass. 151, 159 (1985) (“injury” encompasses “the invasion of any legally protected interest of another”). The trial judge clearly erred, however, in finding that Perrault’s failure to procure a building permit caused the plaintiffs to suffer injury. ‘To warrant an award of damages under G.L.c. 93A there must be a causal connection between the seller’s deception and the buyer’s loss.” Casavant v. Norwegian Cruise Line, Ltd., 76 Mass. App. Ct. 73, 77 (2009), quoting Kohl v. Silver Lake Motors, Inc., 369 Mass. 795, 801 (1976). Further, "only those losses sustained by the buyer which were the *184 foreseeable consequence of the seller’s deception should be recoverable.” Kohl, supra at 801. Although the plaintiffs presented evidence of Perrault’s poor workmanship and of their hiring of another contractor because of Perrault’s faulty work, nowhere in the record is there evidence that the plaintiffs’ hiring of another contractor was caused by, and a foreseeable consequence of, Perrault’s failure to obtain a building permit, or that such failure caused Perrault to perform faulty work. Nor are there any facts in the record to support the finding that Perrault’s failure to obtain a building permit resulted in the lack of any inspection during the course of the project that might have prevented defective work. The plaintiffs introduced no evidence from any permitting authority that site visits were conducted to verify compliance with building permits after they have been issued.
As to the G.L.c. 142A violation based on unlicensed plumbing and electrical work, G.Lc. 142A, §17(10) prohibits the “violation [by contractors] of the building laws of the commonwealth or of any political subdivision thereof.” The term “building laws” under this section encompasses the State building code, 780 CMR §110 et seq. Reddish v. Bowen, 66 Mass. App. Ct. 621, 628 (2006). The sixth edition of the State building code, which was in effect at the time of Perrault’s conduct, incorporated both the State plumbing and electrical codes.[6] 780 CMR §3601.2.2 (1997); 780 CMR §101.5 & Appendix A. The plumbing code effectively prohibits unlicensed plumbing. 248 CMR §3.05(1) (b) (1) (2007) (“Until a Permit has been issued by the Inspector, plumbing or gas fitting work shall not be: a. installed; b. altered; c. removed; d. replaced; or e. repaired.”); 248 CMR §3.05 (1) (b) (7) (a) (“Permits [to perform plumbing work] shall be issued to licensed plumbers only.”). See Meyer v. Town of Nantucket, 78 Mass. App. Ct. 385, 388 n.7 (2010). Similarly, the electrical code prohibits unlicensed electrical work. 527 CMR §12.00 (2006) (stating in Rule 9 that “[installations covered by 527 CMR 12.00 shall also comply with M.G.L.c. 141.”); G.Lc. 141, §1A (“No person... shall... engage in... the business... of installing wires ... for carrying or using electricity... unless such person ... shall be licensed by the state examiners of electricians....”). See Mercado v. Manny’s T.V. & Appliance, Inc., 77 Mass. App. Ct. 135 (2010).[7]
The evidence supported the trial judge’s finding that Perrault’s performance of plumbing and electrical work without a license resulted in poor workmanship that did not meet code requirements, violated G.Lc. 142A, was thus an unfair and deceptive act in violation of G.Lc. 93A, and caused injury to the plaintiffs. As to the G.L.C. 142A violation, Perrault admitted during trial that he held, at the time in question, no other Massachusetts certification except as a home improvement contractor, G.L.c. 142A, §9 (registration requirement), but that he ran electrical wiring under the kitchen cabinets to install lights. According to Glenn, he also installed a dishwasher. *185 As to causation of injury, O’Connor, the master electrician hired by Jackson, testified that the wiring beneath the cabinets was “not proper,” a “fire hazard,” and did not meet code requirements. Silva, a master plumber, also testified that the dishwasher drain was improperly installed and did not satisfy code requirements. Unlike the failure to obtain a building permit, poor workmanship that did not satisfy the applicable plumbing and electrical codes was a foreseeable consequence of Perrault’s unlicensed plumbing and electrical work, which, in turn, was the reason the plaintiffs hired another contractor.
4. Perrault also argues that the plaintiffs’ failure to serve a demand letter, or specify their damages in their complaint, prevented him from making a reasonable settlement offer under G.L.c. 93A, §9(3). Regarding the absence of a demand letter, Perrault’s argument ignores that part of §9(3) that states, “The demand requirements of this paragraph shall not apply ... if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth....” In this case, Perrault admitted in his answer that, at all relevant times, he neither maintained a place of business, nor kept assets, in Massachusetts. Further, during trial, Perrault’s wife, the company’s bookkeeper, testified that she registered the business as a limited liability company with the Secretary of State of New Hampshire, and Perrault testified that the business is located in Salem, New Hampshire.
As to the plaintiffs’ complaint, G.Lc. 93A, §9(3) further provides that, where a petitioner is excepted from the demand requirement, the “respondent may otherwise employ the provisions of this section by making a written offer of relief and paying the rejected tender into court as soon as practicable after receiving notice of an action commenced under this section.” While he concedes that he made no such offer upon receiving the plaintiffs’ complaint, Perrault argues that the complaint did not provide the “specifics” that would have allowed a reasonable response. Noting that the plaintiffs contracted with S.P. Jackson months after filing their complaint, Perrault argues that he would have been unsure of what constituted a reasonable offer until work was completed. However, while the complaint did not specify a dollar amount of damages, it did describe the plaintiffs’ injuries in sufficient detail to permit Perrault to ascertain his exposure. See Simas, supra at 140. Perrault’s business, as a contractor, was to estimate the cost of making home improvements, id,:, and Perrault knew, at the very least, that Kenney had estimated the cost of repair of the plaintiffs’ kitchen as $3,000.00 in December, 2007.
Judgment affirmed.
So ordered.

 The Plaintiffs’ complaint contained seven counts: breach of contract, quantum meruit, violation of G.L.c. 142A, breach of express warranty, breach of implied warranty, misrepresentation, and violation of G.L.c. 93A.

 After the jury returned its verdict, the trial judge permitted the parties 10 days to file requests for findings and rulings on the G.L.c. 93A claim.

 The seventh edition of the State building code ran concurrently with the sixth edition in 2007. The seventh edition also incorporates the plumbing and electrical codes. 780 CMR §5101.5.

 Although it does not appear that copies of the above regulations were introduced in evidence at trial, cf. Reddish, supra at 628, the regulations are subject to judicial notice and, therefore, available for our consideration. AT&T v. Automatic Sprinkler Appeals Board, 52 Mass. App. Ct. 11 (2001), citing G.L.c. 30A, §6.