MICHAEL REARDON *vs.* COMMISSIONER OF CORRECTION & others. July 1, 1985. *Practice, Civil*, Motion to dismiss, Moot question. *Imprisonment,* Enforcement of discipline.

The plaintiff's action against prison officials was improperly dismissed under Mass.R.Civ.P. 12 (b) (6), 365 Mass. 755 (1974. Under our pleading

---

rules a claim should not be dismissed unless it is shown beyond doubt that no provable set of facts would entitle the plaintiff to relief. *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). *Kipp* v. *Kueker*, 7 Mass. App. Ct. 206, 210 (1979). The plaintiff must be given the benefit of the doubt, *id.*, and we accept as true such inferences as may be drawn from the complaint in the plaintiff's favor. *Nader* v. *Citron, supra.* A complaint should not be dismissed simply because it alleges improbable facts. *Jenkins* v. *Jenkins*, 15 Mass. App. Ct. 934 (1983).

In his pro se complaint the plaintiff alleges four violations of his rights which he addresses on appeal: (1) that he was denied access to the prison law library, (2) that he was denied proper medical care, (3) that he was subjected to retaliatory punishment for asserting his legal rights, and (4) that he was denied the opportunity to call a prisoner as a witness at a disciplinary hearing. As authority he cites both the Massachusetts and United States Constitutions, as well as State laws and regulations. The first three of these claims are clearly cognizable. See *Bounds* v. *Smith*, 430 U.S. 817, 828 (1977); *Cepulonis* v. *Fair*, 563 F. Supp. 659 (D. Mass. 1983) (denial of access to law library); *Estelle* v. *Gamble*, 429 U.S. 97 (1976) (denial of medical treatment); *McDonald* v. *Hall*, 610 F.2d 16, 18 (1st Cir. 1979) (retaliatory punishment). Given the facts alleged by the plaintiff in his complaint and the inferences in his favor that can be drawn from them, we cannot say beyond a doubt that there is no provable set of facts that would entitle him to relief.

Although the plaintiff's fourth claim is also one recognized by the courts, see *Wolff* v. *McDonnell*, 418 U.S. 539, 566 (1974) and *Real* v. *Superintendent of Mass. Correctional Inst., Walpole*, 390 Mass. 399 (1983), it has been rendered moot since the plaintiff was given an administrative rehearing after this court granted a stay of the appeal. The propriety of the procedures at the second hearing cannot, of course, be a subject of this appeal because the issue could not have been raised in the complaint which was dismissed. Nonetheless, on remand the plaintiff may amend his complaint to add any claims arising out of subsequent proceedings.

We do not imply that this case or similar ones must necessarily be decided only after a full trial. Rather, we point out that a rule 12(b) (6) motion is ordinarily not the proper vehicle for testing the factual sufficiency of a plaintiff's claims. In appropriate circumstances such a case may be disposed of on a motion for summary judgment, supported by affidavit, under Mass.R.Civ.P. 56(b), 365 Mass. 824 (1974).

The judgment is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Kathleen Guilfoyle* (*Jonathan Shapiro* with her) for the plaintiff.

*Maryanne Conway* (*Veronica M. Madden* with her) for Commissioner of Correction & others.