COMMONWEALTH *vs.* WILLIAM D. LANGTON. No. 87-147. February 1, 1988. *Imprisonment,* Good conduct deductions.

By the procedurally questionable vehicle of a motion for postconviction relief under Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), see *Commonwealth* v. *Layne,* 21 Mass. App. Ct. 17, 18-19 (1985), the defendant argues that he is entitled to earned good time credits (at the rate of two and one half days per month) under G. L. c. 127, § 129D, for satisfactory performance of work assignments under G. L. c. 127, § 48. The defendant's claim is based, not on the actual performance of work assignments, but on the fact that, when he was sentenced in 1971, § 48 (as it had been rewritten by St. 1955, c. 770, § 32), seems to have required work of prisoners in the Commonwealth's correctional institutions ("[p]risoners . . . shall be constantly employed for the benefit of the commonwealth"). After he was sentenced, § 48 was revised and § 49A added by St. 1972, c. 777, §§ 12 and 13, respectively, so as to make eligibility for work discretionary with the Commissioner of Correction. See *Jackson* v. *Hogan,* 388 Mass. 376, 378-379 (1983). The 1972 revision, the defendant argues, was, as to him, an ex post facto law, giving him in effect a longer sentence than the sentencing judge impliedly envisioned, with the result that he should be credited with two and one half days earned good time credits for each month that he has served after the 1972 revision.[1]

A fallacy in the defendant's argument is that it assumes that the statutory scheme prior to the revision of § 48 in 1972 entitled prisoners who satisfactorily completed their work assignments to earned good conduct deductions. It did not. It only required that they work. Their reward lay in the satisfaction to be derived from a job well done. See also G. L. c. 127, § 48A (earnings

[1] Although the record before us does not show that the defendant failed to receive earned good time credits after 1972, such an assumption seems plausible in light of the defendant's concession in his brief that he escaped while on work release some time between then and 1975, when he resumed serving his sentence. He is presently serving lengthy sentences for crimes committed while on escape. The fact that the original sentence has been served does not make the issue in this case moot; the answer is still relevant to determining the commencement date of the defendant's from-and-after sentences. Compare *Diafario* v. *Commissioner of Correction,* 371 Mass. 545, 549 (1976).

for prison work). It was not until St. 1973, c. 528, which was approved nearly a year after the revision of § 48, that the Legislature added § 129D, which for the first time authorized the Commissioner of Correction to grant good time credits for satisfactory participation in work and education programs. Thus, the defendant, far from being disadvantaged by statutory changes after his sentence was imposed, was in reality accorded by those changes an opportunity to earn credits that was not available to him under the statutory scheme in effect at the time of his original sentencing in 1971.

> *Order denying motion for*
> *postconviction relief*
> *affirmed.*

*Harold Robertson* for the defendant.

*Stephanie Martin Glennon,* Assistant District Attorney, for the Commonwealth.