Fremont-Smith, J.
Steven Balsavich (petitioner), a state prisoner in the custody of the Department of Correction, filed this petition for a writ of habeas corpus, alleging that his removal from general population violates his right to earn good time credit pursuant to G.L.c. 127, §129D. The respondent, Larry DuBois, Commissioner of Correction, opposes the petition. The court will treat respondent’s opposition as a motion to dismiss pursuant to Mass.RCiv.P. 12(b)(6). The motion was heard on November 23, 1993. For the following reasons, respondent’s motion is granted.
BACKGROUND
Steven Balsavich is an inmate incarcerated at MCI-Cedar Junction (Walpole). Whole incarcerated, petitioner was found guilty of a disciplinary violation and was sentenced to serve 5 years in the Departmental Disciplinary Unit (D.D.U.) at MCI-Cedar Junction. Petitioner alleges that in D.D.U. he is unable to earn good time credit deductions pursuant G.L.c. 127, §129D, and therefore the Department of Correction has deprived him of 450 days of earned good time credit.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court to must determine whether the complaint states a claim upon which relief can be granted. The court must take the allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. The complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Pro se prisoner complaints, in particular, are held to a less stringent standard than formal pleadings drafted by lawyers. Hains v. Kerner, 404 U.S. 519, 520 (1972); see also Reardon v. Commissioner of Correction, 20 Mass.App.Ct. 946, 947 (1985).
Even when considered with the appropriate leniency for pro se litigants, plaintiff has not set forth a claim upon which relief can be granted. Under G.L.c. 127, §129D, prisoners can earn good time credit deductions by satisfactorily participating in certain approved programs. See Code Mass. Regs. §411.09(l)(a) (1990). However, there is no constitutional right to earned good time credit; at most, there is a right to be eligible to participate in available programs. Jackson v. Hogan, 378, 379 (1983). Eligibility for participation in programs where good time may be earned is also within the discretion of the Commissioner of Correction. Id.; Commonwealth v. Langton, 25 Mass.App.Ct. 947 (1988). In addition, even if such a program existed in the D.D.U., petitioner's right to participate could have been constitutionally restricted by rules stemming from valid penological concerns such as security and order. Jackson, supra, 388 Mass. at 379.
Because petitioner does not have an unqualified right to participate in an earned good time program, respondent’s motion to dismiss is allowed. This is not to say that the court is unsympathetic to Mr. Balsavich’s statement that prisoners in D.D.U. are, by being ineligible to participate in such programs, deprived of any incentive for good behavior. If it can be done without adverse effect on security, the Commissioner should attempt to address this prisoner’s concern to the extent possible.
ORDER
Accordingly, it is hereby ORDERED that the respondent’s motion to dismiss is ALLOWED.