47 Mass. App. Ct. 437 (1999)                                    437

285 Lynn Shore Drive Condominium Trust *v.* Automatic Sprinkler Appeals Board.

285 Lynn Shore Drive Condominium Trust[1] *vs.*
Automatic Sprinkler Appeals Board & another.[2]

No. 96-P-0062.

Suffolk. March 9, 1998. - July 29, 1999.

Present: Warner, C.J., Smith, & Perretta, JJ.

*Automatic Sprinkler Appeals Board. Practice, Civil,* Reconsideration, Motion
to dismiss, Standing, Declaratory proceeding.

Where the allegations in a claim in an action seeking review under G. L.
c. 30A of a decision of the Automatic Sprinkler Appeals Board demon-
strated that the complaint was filed within thirty days of the final decision
of the board, the judge erred in dismissing that count of the complaint as
untimely. [439-440]

Trustees of a condominium trust had standing to seek a declaration that the
unit owners rather than the trustees were the proper parties to whom an
order of the fire department and the Automatic Sprinkler Appeals Board
should be directed requiring the installation of automatic sprinklers in all
common areas and individual units. [440-441]

Discussion of G. L. c. 148, § 26A1/2, which provides to certain buildings
organized as condominiums an exemption from the automatic sprinkler
requirement. [441-442]

CIVIL ACTION commenced in the Superior Court Department on
June 23, 1995.

Motions to dismiss were heard by *Thayer Fremont-Smith,* J.

*Franklin C. Huntington, IV,* for the plaintiff.

*Benjamin Robbins,* Assistant Attorney General, for Automatic
Sprinkler Appeals Board.

SMITH, J. The trustees of 285 Lynn Shore Drive Condominium

---

[1]The complaint was improperly brought on behalf of the trust without nam-
ing or disclosing the identity of any of the trustees, compare *Roberts-Haverhill
Assocs.* v. *City Council of Haverhill,* 2 Mass. App. Ct. 715, 721 & n.14
(1974), a situation that can be addressed upon remand.

[2]Fire department of Lynn.

Trust (trustees) appeal from a judgment entered in the Superior Court dismissing a complaint against the Automatic Sprinkler Appeals Board (board) and the fire department of Lynn (fire department). The two-count complaint sought declaratory relief and an appeal from the board's order requiring the trustees to install automatic sprinklers in all common areas and individual units of the condominium located at 285 Lynn Shore Drive (condominium). The trustees claim that the allegations in the complaint, when read with the attached exhibits, were sufficient to require the judge to deny the motions to dismiss filed by the board and the fire department.

We summarize the facts contained in the complaint and the attached exhibits as background for our analysis. The building located at 285 Lynn Shore Drive, in Lynn, was built in the 1920's and established as a condominium pursuant to a master deed dated August 19, 1987. A declaration of trust, also dated August 19, 1987, created the 285 Lynn Shore Drive Condominium Trust. Pursuant to the declaration of trust, the trustees are vested with the authority to exercise all of the powers that may be conferred upon the organization of condominium unit owners pursuant to G. L. c. 183A.

In February, 1991, the fire department ordered the trustees to install automatic sprinklers throughout the condominium, in both the common areas and the individual units, in accordance with G. L. c. 148, § 26A½.[3] The fire department did not give notice to the individual unit owners. On October 5, 1992, the trustees appealed from the fire department's order to the board. On May 13, 1994, after a hearing on the issue, the board ordered that the trustees comply with the fire department's order by December 31, 1995. On February 17, 1995, the trustees filed a petition for reconsideration with the board. The board denied the motion on May 24, 1995.

The trustees then filed a complaint in the Superior Court. In the first count, the trustees appealed from the board's decision

---

[3]General Laws c. 148, § 26A½, as inserted by St. 1986, c. 633, § 2, provides in pertinent part that "[e]very building or structure of more than seventy feet in height above the mean grade and constructed prior to January first, nineteen hundred and seventy-five, shall be protected with an adequate system of automatic sprinklers . . . ; provided, however, . . . that sprinklers shall not be required to be installed in buildings where construction has commenced prior to January first, nineteen hundred and seventy-five and which have been submitted to the provisions of chapter one hundred and eighty-three A."

under G. L. c. 30A. In the second count, the trustees sought a judgment under G. L. c. 231A declaring that (1) because of the exemptions in the statute, G. L. c. 148, § 26A$^{1}$/$_{2}$, does not require the condominium to install sprinklers, and (2) the board's decision and the fire department's order to install sprinklers in the individual units are invalid because the individual unit owners have a fee interest in their respective units and they did not receive notice or an opportunity to be heard.

The fire department and the board filed motions to dismiss the complaint. The motions stated that the trustees had failed to file a timely appeal from the board's final decision under G. L. c. 30A, and, consequently, the Superior Court lacked jurisdiction to consider the matter. The motions also claimed that, with regard to the second count (seeking declaratory relief), the complaint failed to state a claim upon which relief could be granted.

On October 26, 1995, a Superior Court judge allowed both the board's and the fire department's motions to dismiss the complaint, ruling that (1) the court did not have jurisdiction under G. L. c. 30A to entertain the appeal of the board's order because the trustees' motion for reconsideration to the board was untimely; (2) the condominium was not exempt from the requirement that sprinklers be installed pursuant to G. L. c. 148, § 26A$^{1}$/$_{2}$; and (3) the issue of the trustees' authority to order the individual unit owners to install sprinklers in their units was premature and could "best be addressed in a subsequent enforcement proceeding against the individual unit owners where it can be determined whether the [trustees were] given actual or apparent authority by the unit owners to act on their behalf."

1. *Dismissal of the first count — the trustees' c. 30A appeal.* In arguing for dismissal of the trustees' c. 30A count, the board pointed to the rule that a motion for reconsideration must be filed within ten days of the date the decision was mailed by the board. The judge found that the board's order was issued on May 13, 1994, and the trustees did not file their petition for reconsideration until February 17, 1995, thereby missing the deadline. Because G. L. c. 30A, § 14(1), requires that a complaint seeking a G. L. c. 30A review of the board's decision must be filed within thirty days of a *timely* motion for reconsideration, the judge ruled that the count must be dismissed.

The trustees claim error, arguing that the allegations contained in the complaint demonstrate that their appeal was indeed timely. We agree and hold that the judge committed error in dismissing the first count of the complaint.

In ruling on a motion to dismiss a complaint we must "assume as true the allegations contained in the . . . complaint and accompanying [exhibits]." See *Cross* v. *Commissioner of Correction*, 27 Mass. App. Ct. 1154, 1154 (1989). In the complaint, the trustees allege that, after they filed their motion for reconsideration, the board reopened the proceedings by holding a hearing on April 5, 1995, at which time it permitted the trustees to present testimony, factual materials, and arguments. The board then issued a decision denying the trustees' petition for reconsideration on May 24, 1995.

According to the complaint, because the board reopened the hearing as a result of the trustees' petition for reconsideration, the May 24, 1995, denial of the trustee's petition for reconsideration was the board's "final" decision. Because G. L. c. 30A, § 14(1), states that the complaint must be filed within thirty days of the *final decision* of the board, and the trust filed its complaint within that time period, the allegations in the complaint demonstrate that the trustee's appeal under G. L. c. 30A was timely and should not have been dismissed.

*2. Dismissal of the count seeking declaratory relief.* Although it is not entirely clear from the judge's memorandum of decision, in ruling that the question of the trustees' authority to install sprinklers in the individual units was not ripe for review, the judge evidently concluded that the trustees failed to allege the necessary "standing" or "actual controversy" required to state a claim under G. L. c. 231A, § 1. See *Massachusetts Assn. of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 292 (1977). This was error.

Enforcement of G. L. c. 148, § 26A½, rests with the local fire department. See G. L. c. 148, § 26B. The fire safety commission has issued regulations for the enforcement of G. L. c. 148, § 26A½. See 530 Code Mass. Regs. §§ 2.01 et seq. (1993). The regulations require a fire department to give notice "in writing" to the "owner" of the building or other "person responsible" that the building is subject to c. 148, § 26A½.

The complaint alleges that it is the unit owners who are the owners of the condominium, not the trustees. Therefore, the trustees argue that, because they are not the owners, the fire

department and the board have no jurisdiction to order the trustees to install automatic sprinklers. Further, if the dispute over the trustees' authority is not resolved, the fire department could obtain a court order requiring the trustees to install sprinklers inside each unit despite the trustees' claim that they do not have the authority to comply with such an order. "A party has standing when it can allege an injury within the area of concern of the statute or regulatory scheme under which the injurious action has occurred." *Massachusetts Assn. of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. at 293. Here, the trustees' injury is contained in their allegation that the board's decision ordering the trustees to comply with the fire department's order is not directed to the proper parties.

Therefore, reading the allegations contained in the "complaint [and the attached exhibits], as well as such inferences that may be drawn therefrom in the [trustees'] favor," to be true, *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), we hold that the trustees established both an "actual controversy" under c. 231A, § 1, and standing to resolve the dispute. Certainly, the "action for declaratory relief is appropriate, for it will remove the uncertainty as to the rights, duties, and obligations of the parties and avoid future litigation." *Board of Appeals of Rockport* v. *DeCarolis*, 32 Mass. App. Ct. 348, 353 (1992).

3. *Exemption under G. L. c. 148.* In dismissing the trustees' complaint, the judge also ruled that the building was not exempt from the sprinkler requirement provided in G. L. c. 148, § 26A¹/₂. Because the parties have fully briefed the issue, in the interest of judicial economy, we briefly discuss it.

The Legislature, by St. 1986, c. 633, § 2, provided an exemption from the automatic sprinkler requirement to certain buildings organized as condominiums. G. L. c. 148, § 26A¹/₂. See note 3, *supra.* Section 26A¹/₂ exempts from the sprinkler requirement buildings whose construction commenced prior to January 1, 1975, "and which have been submitted to the provisions of chapter one hundred and eighty-three A." General Laws c. 183A provides the mechanism for condominium conversions. The effective date of G. L. c. 148, § 26A¹/₂, was March 22, 1987. Although the building at issue here was constructed sometime in the 1920's, it was not established as a condominium until August, 1987, which was after the effective date of c. 148, § 26A¹/₂.

In *1010 Memorial Drive Tenants Corp.* v. *Fire Chief of*

*Cambridge*, 424 Mass. 661 (1997), an issue was raised but not reached by the majority — whether a building constructed prior to January 1, 1975, that is established as a condominium after March 22, 1987, is included within the exemption in G. L. c. 148, § 26A½. The dissent stated that the exemption should apply only to buildings constructed prior to 1975 that were converted to condominiums before March 22, 1987; to hold otherwise would be "thwarting the public safety purpose of the statute." *Id.* at 670 (Greaney, J., dissenting). Under that reasoning, the condominium in the case before us would not be exempt and would be required to comply with the sprinkler requirements of G. L. c. 148, § 26A½. Contrast *Brook House Condominium Trust* v. *Automatic Sprinkler Appeals Bd.*, 414 Mass. 303, 306-307 (1993) (buildings constructed in 1960's and converted to condominiums in 1982 were exempt from sprinkler requirement).

Finally, we note that it would have been better procedurally if the board and the fire department had not filed motions to dismiss at this stage of the proceedings. It would have been far better if the parties had filed motions for summary judgment. See *Kirkland Constr. Co.* v. *James*, 39 Mass. App. Ct. 559, 564-565 (1995) (Brown, J., concurring).

We reverse the judgment dismissing the complaint and remand the case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*