Hely, J.
A.The Chapter 93A Counterclaim
The plaintiff Association is the umbrella community association of the White Cliffs residential community in Plymouth. White Cliffs consists of a number of condominiums and other residences and various homeowner and unit owner organizations. The Association manages the common elements and facilities, including a country club with a golf course. The defendants are the owners of a condominium unit in White Cliffs Condominium Three that is part of the overall White Cliffs community. As unit owners, the defendants are members of the Association.
The Association’s complaint seeks to establish a lien and obtain payment of the defendants’ unpaid assessments, fines, costs, attorney fees and a cash deposit under the Association by-laws. The Association’s complaint also seeks declaratory and injunctive relief against the defendant Stephen Ranieri regarding the Association’s suspension of his right to use the recreational facilities on the common elements.
The defendants’ answer and counterclaim includes a counterclaim alleging a violation of G.L.c. 93A. This counterclaim alleges that the Association committed unfair or deceptive acts in violation of Chapter 93A by imposing fines, suspending the defendants’ country club privileges, excluding them from participation in Board of Governors meetings, providing nadequate security measures, and failing to supply Stephen Ranieri with certain requested information.
A Chapter 93A violation requires unfair or deceptive acts or practices “in the conduct of any trade or commerce.” G.L.c. 93A, sec. 2. Transactions that are “principally private in nature ... do not fall within the purview of G.L.c. 93A.” Zimmerman v. Bogoff, 402 Mass. 650, 662 (1988). Chapter 93A “was intended to apply only to dealings between legally separate ‘persons’ engaged in arm’s length transactions.” Newton v. Moffie, 13 Mass.App.Ct. 462, 467 (1982).
Chapter 93A does not apply to internal disputes between corporate shareholders, between a shareholder and a corporation, or between members of a partnership. Zimmerman v. Bogoff, supra at 662-63; Riseman v. Orion Research, Inc., 394 Mass. 311, 313-14 (1985); Newton v. Moffie, supra, at 468-70. Likewise, Chapter 93A does not apply to employment disputes between employees and employers. Anzalone v. MBTA, 403 Mass. 119, 122 (1988); Manning v. Zuckerman, 388 Mass. 8, 12-14 (1983). Such internal disputes within an organization or business entity are not disputes in the conduct of “trade or commerce” under Chapter 93A, even though the entity itself may be in the business of distributing goods or services to outsiders for a profit. Manning, supra, at 14.
In the present case, it is plain from the complaint and the answer and counterclaim that the Chapter 93A counterclaim arises exclusively from the private relationship between the defendants as condominium unit owners and association members and the plaintiff as the community association of the condominium and residence community. Applying the principles and precedents summarized above, Chapter 93A as a matter of law does not apply to this internal dispute between unit owner members and their community association. The Chapter 93A counterclaim fails to state a claim upon which relief can be granted. It is dismissed.
B.The Counterclaim for Breach of Fiduciary Duty
The counterclaim against the association for breach of a fiduciary duty owed to the defendants is dismissed. A condominium community association might owe a fiduciary duty to the members as a whole, but there is no fiduciary duty owed to individual members. See Cigal v. Leader Development Corp., 408 Mass. 212, 219 (1990) (fiduciary duty of members of the board of governors is owed to the association, not to individual unit owners).
C.The Counterclaim for Interference with Contractual Relations
Counterclaim Count V alleges that by discriminating against Mr. Ranieri, denying him access to requested information, and suspending him as a member, the Association “torüously and intentionally interfered -with" the Ranieris’ relationship with other members. This counterclaim falls short of stating a claim for intentional and improper interference with a contractual or beneficial business relationship with a third party, i.e. a party other than the association *340 itself. See Wright v. Shriners Hospital for Crippled Children, 412 Mass. 469, 476 (1992).
D. The Remaining Counterclaims
Although they overlap, the remaining counterclaims adequately allege contract or contract-related rights. They pass the low threshold for a motion to dismiss.
The Association also contends that the counterclaims should be dismissed because they should have been raised in a prior action in this court brought by the defendants against the Association, Stephen Ranieri et al. v. White Cliffs Community Association, Inc., Plymouth CA 0370A. This does not warrant dismissal of the present counterclaims because they seem to be based in part on conduct by the Association occurring after the filing of the complaint in the prior action.
ORDER
Counts IV, V and VI of the defendants’ counterclaims are dismissed. The remainder of the motion to dismiss the counterclaims is denied.