Murphy, J.
INTRODUCTION
This action arises out of plaintiff Michael O’Brien’s (“O’Brien”), failure to gain reelection to the Shadowbrook Board of Trustees (“Shadowbrook”) at the Shadowbrook Condominiums (“Condominium”). O’Brien, a unit owner at the Condominium in Milford, Massachusetts, and a former member of Shadowbrook, has sued certain other unit owners (collectively, “defendants”),[2] all former trustees of Shadowbrook, for alleged harassment and disparagement including defamation, breach of contract and violation of his civil rights.
Specifically, O’Brien contends: (1) that three written communications, the first of which was a letter from the Trust’s attorney and was addressed and delivered to O’Brien, the second of which was from the Trust, again addressed to O’Brien, and the third being a letter from the Trust to the unit owners at the Condominium in connection with a special election, were all libelous (Count I); (2) that following the conclusion of the May 12, 2001 election, O’Brien was not permitted to observe tabulation of the ballots and was escorted by a security guard from the room where said ballots were counted, in violation of his civil rights (Count II); (3) that the Trust’s actions in barring him from the counting of ballots constituted breach of the Trust’s fiduciary duty, as well as a breach of the condominium by-laws (Counts III and IV, respectively).
Defendants now bring a motion to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(5) and 12(b)(6). For the foregoing reasons, the defendants’ motion is ALLOWED in part, and DENIED in part.
BACKGROUND
O’Brien is a resident of the Condominium and owns the unit known as 10 Shadowbrook Lane, No. 69, Milford, Massachusetts. O’Brien is a former Trustee of Shadowbrook, as are all the individually named defendants.[3]
Within a few months of O’Brien becoming a Trustee, a new management company, Thayer & Associates, Inc. (“Thayer”) took over management responsibilities for the Condominium, in return for a fee. From early on in his tenure, O’Brien raised several issues about Thayer’s performance, including: whether Thayer overpaid for necessities; whether Thayer maintained proper files and records; whether the Condominium’s funds were kept in appropriate interest bearing accounts; and whether a valuable laundiy contract was properly bid. Because of these criticisms, O’Brien alleges he earned the enmity and animus of certain other Trustees.
On or about January 28, 1999, the defendants, excluding Skubisz, delivered a letter to O’Brien by constable, stating that O’Brien had harassed a member of Thayer’s staff and that he had assaulted a Trustee, resulting in the filing of criminal charges. Moreover, O’Brien alleges this letter was shown or mailed to various other persons. Thereafter, O’Brien alleges that defendants falsely accused him of releasing confidential Condominium information to others.
On or about April 5, 2000, O’Brien alleges that defendants sent all the Condominium’s 360 unit owners a letter entitled “Removal of Trustee Michael O’Brien.” The letter announced the defendants’ “intention to schedule a vote of unit owners to remove Michael O’Brien from his position as Trustee of the Shadowbrook Condominium Trust,” and, allegedly, falsely accused O’Brien of various wrongdoings, including: (1) attempting to terminate a Thayer employee without authorization; (2) breaching employer/employee confidentiality by releasing confidential employee information; (3) making “unfounded and outrageous” allegations against a Thayer employee (“a reckless and false remark regarding the consumption of alcohol”); (4) making “frivolous legal requests”; (5) using Condominium assets for personal business; and (6) other wrongful activities, including “repeatedly violating his fiduciary obligations to the Shadowbrook Condominiums and the Unit Owners ...”
The April 5, 2000 letter called for O’Brien’s removal as trustee, and announced that a meeting would soon be scheduled to fully address the matter and a “removal form” would to be sent to each owner “asking for his or her consent to the removal.” The defendants, however, did not undertake such a vote. O’Brien’s term was up in May 2000, and he was then subject to reappointment only if he ran for reelection and was elected by vote of a quorum of the unit owners. O’Brien ran for reelection as part of a slate of three candidates for the three trustee positions up for election in May 2000.
On or about May 12, 2000, with the Condominium’s Annual meeting approaching, defendants sent another letter to all unit owners, again on the letterhead of the Condominium, repeating allegations against O’Brien and calling for a special vote to remove O’Brien from office. On or about May 18, 2000, the Annual Meeting was held, during which the Trustees were to be elected. O’Brien alleges that despite the lack of a quorum present at the Annual Meeting, i.e. 51 percent of beneficial ownership was not present, defendants counted ballots, and thereafter, announced that O’Brien and his slate were defeated. Although O’Brien requested to observe counting of the ballots, his efforts were rebuffed and defendants called a security guard to escort O’Brien from the office where the counting occurred. O’Brien then filed this action.
DISCUSSION
A. Standard of Review
When evaluating the sufficiency of a complaint, the court must take as true the factual allegations of the complaint, as well as any inferences which can be drawn in the plaintiffs favor. Mass.R.Civ.P. 12(b)(6); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 *193 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim “unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
1.The Plaintiffs Claims Against Shadowbrook Condominium Trust
As O’Brien concedes, the defendants named herein are the former Trustees of the Shadowbrook Condominium Trust. (See Complaint para. 2-5.) An action must be prosecuted in the name of or against the real party in interest, meaning that where a trust is involved, by or against the “present” trustees as the case may be. Mass.R.Civ.P. 17; see 285 Lynn Shore Drive Condominium Trust v. Automatic Sprinkler Appeals Bd., 47 Mass.App.Ct. 437 (1999). The purpose of Rule 17(a) is to “assure that a defendant is only required to defend an action brought by a proper plaintiff and that such an action must be defended only once.” Massachusetts Assoc. of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 297 (1977).
Rule 17(a) not only protects a defendant from the harassment of successive suits by plaintiffs who do not have the power to make final and/or binding decisions as to the prosecution, compromise and settlement of the matter in dispute, but also conserves judicial resources by eliminating multiplicity of suits. Corcoran v. Healey, 1981 Mass.App.Div. 83, 85-86. Because O’Brien has not named the present and current Trustees of Shadowbrook Condominium Trust as parties to this action, and therefore has not served any of the current or present Trustees, this action must be dismissed as to Shadowbrook.
2.Sufficiency of Service of Process as Against the Individually Named Defendants
Mass.R.Civ.P. 4 provides that the Sheriff shall make service of the Complaint and Summons upon an individual, by delivering a copy of the Complaint and the original Summons to the Defendant personally or to his or her residence. Mass.R.Civ.P. 4(c) and (d)(1). The statute further provides that a plaintiff has 90 days after the filing of the Complaint to effectuate service of process. Mass.R.Civ.P. 4(j). Proof of adequate service lies with the plaintiff. See Mass.R.Civ.P. 4(f).
In the present case, service of process was sufficient as to all individually named defendants: Dale; Brickley; Glassman; and Skubisz. Dale was served in hand by a sheriff on January 23, 2002. Brickley was served on January24,2002 by leaving the summons and a copy of the complaint at her last and usual place of abode at 433 E. Main Street, Milford, Massachusetts. Glassman was served by certified mail received by him on February 9, 2002. Scubisz was apparently served by publication in the Worcester Gazette, pursuant to Mass.R.Civ.P. 4(d)( 1).[4] Therefore, dismissal is not warranted for insufficient service of process, under Mass.R.Civ.P. 12(b)(5).
3.Violation of Plaintiffs Civil Rights (Count II)
Count II of O’Brien’s Amended Complaint alleges that the defendant Trustees’ failure to permit him to observe the physical counting of the ballots, subsequent to the May 12, 2000, Condominium Trustee election, constitutes a violation of his civil rights under G.L.c. 12, §111. O’Brien’s allegations fail to state avalid cause of action. O’Brien’s rights, vel non to observe the counting of ballots of a purely private election of condominium trustees is not a right secured either by the United States Constitution, by the Massachusetts Declaration of Rights, or by any statute or rule of law implicating civil rights. Accordingly, Count II of plaintiffs Complaint is dismissed.
4.Breach of a Fiduciary Duty (Count III)
Count III of plaintiffs Complaint charges the Trustees with breach of fiduciary duty. The plaintiff cannot succeed on this claim, however, because, “as a matter of law, members of a governing board of a condominium association, in the capacity of . . . [trustee], owe no fiduciary duty to individual condominium unit owners.” Office One, Inc. v. Lopez, 437 Mass. 113.[5] See Cigal, 408 Mass. at 219 (fiduciary duty of members of the board of governors is owed to the association, not to individual unit owners). See also White Cliffs Community Ass’n, Inc. v. Ranieri, Civil No. 99-0264A (Super.Ct. August 4, 1999) (10 Mass. L. Rptr. 339). Count III of plaintiffs Complaint is dismissed.
5.Breach of Contract (Count IV)
O’Brien contends in Count IV that defendants committed a breach of contract when they failed to abide by the by-laws and regulations of Shadowbrook. The defendants oppose by contending that by-laws of a condominium are not a contract, but rather a covenant running with the land. The defendants have the better of this argument.
In Massachusetts, within the condominium context, a breach of covenant claim is one held by the organization of unit owners and not the individual unit owners. Cigal v. Leader Development Corp., 408 Mass. at 219. Furthermore, the Condominium unit owners are without basis or right to conduct litigation concerning interpretation of the governing documents. See generally Strauss v. Oyster River Condominium Trust, 417 Mass. 442 (1994). Accordingly, any claim for breach must be asserted by the current board or someone standing in its place, not the individual unit owners.
Similarly, if the current Board refuses to bring an action for a wrong or fails to act, an action must be commenced by an individual unit owner as a derivative action, see Downer v. Vernitron Corp., 559 F.Sup. 1081 (D.Mass. 1982), and the unit owner must comply with the prerequisites established by Mass.R.Civ.P. 23.1 for commencing a derivative action. Accordingly, O’Brien’s claim for breach of contract (Count IV) is dismissed.
*194 While the plaintiffs contention that he retains the right independently to litigate issues that affect the use of his condominium is true, the by-laws here represent a covenant and not a contract. Compare Golub v. Milpo, Inc., 402 Mass. 397, 401-02 (1988) (allowing unit owner to sue developer for breach of contract for leaky condominium roof notwithstanding a release signed by the association): Cigal, supra at 217 (allowing unit owners to sue developer for breach of contract for failure to construct according to specifications); McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. at 577 (1995) (allowing unit owner to sue association over noisy air conditioner in common area as private nuisance).
6. Defamation (Count I)
In order to make a prima facie case for libel, O’Brien must establish that: (1) the defendants published a written defamation, (2) of and concerning O’Brien, (3) the written defamation was public, and (4) the written defamation was false, or if true, was made with actual malice, and (5) O’Brien was damaged as a result. See generally, Mcavoy v. Shufrin, 410 Mass. 593, 597 (1988); Stone v. Essex County Newspaper Co., 351 Mass. 53, 56 (1966); Richard W. Bishop, Prima Facie Case-Proof and Defenses §42.1, at 632-33 (1997 & Supp. 1999). “A publication is defamatoiy when it tends to injure one’s reputation in the community and expose him to hatred, ridicule, and contempt.” Brauer v. The Globe Newspaper Co., 351 Mass. 53, 55-56 (1966).
O’Brien asserts in his complaint that defendants made a series of false and defamatoiy statements about him to the Condominium unit owners (third parties). Specifically, O’Brien claims unit owners were sent a letter dated April 5, 2000, entitled “Removal of Trustee Michael O’Brien; announcing the defendants’ "intention to schedule a vote of unit owners to remove Michael O’Brien from his position of Trustee . . ." and falsely accusing O’Brien of various wrongdoings, including: (1) attempting to terminate a Thayer employee without authorization; (2) breaching employer/employee confidentiality by releasing confidential employee information; (3) making “unfounded and outrageous” allegations against a Thayer employee; (4) making frivolous legal requests; (5) using Condominium assets for personal business; and (6) for repeatedly violating fiduciary obligations to Shadowbrook. O’Brien further alleges that these statements have served to disparage O’Brien’s reputation and improperly prevented his re-election to the Shadowbrook Board of Trustees.
In opposition, the defendants argue that even if O’Brien has met the pleading requirements, his defamation claim should nonetheless be dismissed because he failed to plead facts sufficient to overcome defendants’ conditional privilege in sending letters to Condominium unit owners scheduling a vote to remove O’Brien from his post as Trustee.[6]
The Court disagrees.
It is well settled that “a person may possess a conditional privilege to publish defamatory material if the publication is reasonably necessary to the protection or furtherance of a legitimate business interest.” Bratt v. International Business Machines Corp., 392 Mass. 508, 512-13 (1984). In addition, “Massachusetts case law and the Restatement of Torts support the view that recklessness should be the minimum level of conduct which results in the loss of such a conditional privilege.” Id., at 514. In such cases, the burden is on the defendants to show the facts which create the qualified privilege. Humphrey v. National Semiconductor Corp., 18 Mass.App.Ct. 132, 134 (1984). Once the defendants establish this privilege, the burden re-shifts to the plaintiff to prove that the privilege has been abused. Humphrey, supra citing Retailers Commercial Agency, Inc., Petitioner, 342 Mass. 515, 520 (1961).
As the matter is now before the Court on a motion to dismiss, the court is confined to the four corners of the Complaint. See Mass.R.Civ.P. 12(b)(6). In order for defendants to establish the facts necessary to prove conditional privilege and for plaintiff to meet its burden that the privilege has been abused, additional evidence placing the relevant facts in the context of possible defamation would have to be proffered and reviewed. This court cannot say on this record that under no set of facts would the statements of the defendants be either non-defamatory or privileged. See, e.g., Reardon v. Comm’r of Correction, 20 Mass.App.Ct. 946, 947-49. See also Chan v. Immunetics, Inc., Civil No. 98-0388D (Super.Ct. April 7, 1999) (9 Mass. L. Rptr. 719).
ORDER
It is hereby ordered that dismissal of Counts I, II, III and IV as against Shadowbrook are ALLOWED and dismissal of Counts II, Ed, IV, against the individually named (former) Trustees, Dale, Brickley, Glassman and Skubisz, are ALLOWED. Dismissal of Count I, against Dale, Brickley, Glassman and Skubisz, is DENIED.

Dale, Brickley, Glassman and Skubisz, individually and as Trustees of Shadowbrook.

O’Brien was elected to a two-year term as Trustee of Shadowbrook in May 1996, and he was elected to a second two-year term in May 1998. It is important to note that none of the named defendants are currently on the Board of Trustees of Shadowbrook Condominium.

This Court, (J. McCann), allowed O’Brien’s request to issue an Order of Notice for service of Skubisz by publication in the Worcester Gazette, after a diligent search could not find Skubisz, nor his last and usual abode, nor any agent upon whom service may have properly been made.

Publication page reference were not available for this case.

Defendants also assert the attorney-client privilege relative to the January 28, 1999 letter, however, at this time it is unnecessary to address those concerns because dismissal on the defamation claims is premature on the April 5, 2000 letter.